# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAYMOND COREY GREEN,**

        **Plaintiff,**

**v.**                                **Case No:   6:18-cv-1095-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION FOR ENTRY OF JUDGMENT WITH REMAND (Doc. No. 17)** |
| **FILED:** | **January 25, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND.

On October 29, 2007, Claimant filed an application for social security disability benefits pursuant to 42 U.S.C. §§ 401, 1381 *et seq.* alleging he became disabled on June 30, 2005. R. 160-70, 192.   His initial claim and request for reconsideration were denied. R. 77-78, 80-84.   On April 20, 2010, Claimant attended his first administrative hearing before Administrative Law Judge ("ALJ") Aaron M. Morgan.   R. 34-77.   On June 8, 2010, ALJ Morgan issued a decision finding

Claimant was not disabled.   R. 13-28.   On January 11, 2012, the Appeals Council issued a decision finding no basis to change ALJ Morgan's decision.   R. 1-4.

Claimant appealed to this Court. *Green v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-357-Orl-28KRS. On February 20, 2013, a judgment in favor of Claimant, remanding the matter to the Commissioner, was rendered.   R. 705-26, 728-29.   The Court found that ALJ Morgan's finding that a treating physician's opinion was contrary to the greater weight of the evidence was not supported by the record. R. 721; 728-29.   ALJ Morgan also provided an insufficient basis for determining whether Claimant's residual functional capacity ("RFC") adequately accommodated Dr. Alvarez-Mullin's functional capacity assessment and, as a result, the Court could not find from record that the failure to limit Claimant to work in a low stress environment was based on substantial evidence and proper application of the law.   R. 723, 728-29.   Finally, ALJ Morgan did not explain how he implicitly accounted for Claimant's nonexertional limitations in the RFC when ALJ Morgan did not explicitly include those limitations in the RFC.   R. 724.   The Court directed that the Commissioner

> should require the ALJ to account for all of Green's functional limitations explicitly in the RFC and questions to the VE or explain why each limitation is implicitly included in the RFC and the hypothetical questions to a VE.   The ALJ should also address the exertional and nonexertional limitations arising from all of Green's impairments, including neck pain and his shoulder impairment.

R. 724.

On May 6, 2013, the Appeals Council remanded the matter back to an ALJ for proceedings consistent with the Court's order.   R. 730-36.   In its remand, the Appeals Council also directed the ALJ to associate a subsequent claim filed by Claimant on February 24, 2012.   R. 734.   The ALJ was then directed to issue a new decision on the associated claims.   R. 734.

On January 12, 2015, a second administrative hearing was held before ALJ Gregory J. Froelich.  R. 533-68.  On April 2, 2015, ALJ Froelich rendered another unfavorable decision finding Claimant was not disabled.  R. 478-505.  Claimant appealed to this Court.  *Green v. Comm'r of Soc. Sec.*, 6:15-cv-992-ORL-KRS.  The matter was reversed and remanded again. R. 2109-28.

This time the Court found that ALJ Froelich failed to provide good cause for giving less than considerable weight to the opinions of one of Claimant's treating physicians, Dr. Benezette, and for failing to properly develop the record.  R. 2124.  The Court also found ALJ Froelich's credibility determination lacking and that he had failed to properly develop the record with respect to Claimant's earnings.  R. 2126.  On December 19, 2016, the Appeals Council remanded for proceedings consistent with the Court's order and again directed the ALJ to consolidate another subsequently filed claim from September 24, 2015, create a single electronic record, and issue a new decision on the consolidated claims.  R. 2131-34.  On August 17, 2017, Claimant attended his third administrative hearing, appearing before ALJ Froelich again.  R. 2009-2180.  On April 26, 2018, ALJ Froelich issued a third unfavorable decision finding that Claimant was not disabled. R. 1829-72.

Claimant has schizoaffective disorder, cervical degenerative disc disease, and rotator cuff tendonitis of the left shoulder.  R. 1835.  ALJ Froelich found that Claimant had the RFC to perform light work but could not "reach overhead," "can have no concentrated exposure to extreme cold or wetness/humidity," and "is limited to performing simple tasks with little variation that take a short period of time to learn." R. 1837.   Also, while ALJ Froelich found Claimant is able to deal with the "changes in a routine work setting," "relate adequately to supervisors," and have

"occasional contact with coworkers," he should have "no contact with the general public."   R. 1837.

On July 10, 2018, Claimant sought review in this Court.   Doc. No. 1.   On January 25, 2019, the Commissioner filed an Opposed Motion for Entry of Judgment with Remand (the "Motion").   Doc. No. 17.   The Commissioner argues that this matter must be remanded so that the ALJ can "fully comply with the Appeals Council's order dated December 19, 2016, to consolidate Plaintiff's initial claim with his subsequent claim filed on September 24, 2015, and issue a new decision based on the consolidated claims."   Doc. No. 17 at 1.   On February 7, 2019, Claimant filed a response to the Motion (the "Response").   Doc. No. 18.   In his Response, Claimant argues that this matter should be remanded, but only for an award of benefits because Claimant has suffered an injustice.   Doc. No. 18 at 2.   Claimant argues that it has been over eleven years since he filed his claim, that it is on appeal for the third time, and that now the Commissioner seeks to remand and return the matter to the administrative level for a fourth decision from the ALJ because the ALJ failed to fully comply with the Appeals Council's remand. Doc. No. 18 at 2-3.   Claimant requests that this Court reverse for an award of benefits or, alternatively, set a reasonable time limit of 120 days in which to complete the administrative proceedings in this case.   Doc. No. 18 at 5.

## II.    APPLICABLE LAW.

Generally, the proper remedy for errors in a disability decision is a remand for further proceedings, but the Commissioner does not enjoy "endless opportunities to get it right." *Goodrich v. Comm'r of Soc. Sec.*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *14 (M.D. Fla. Feb. 7, 2012).   A court may reverse an ALJ's decision and remand for an award of benefits where the claimant has suffered an injustice.   *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir.

1982).   While rare, a court can remand for an award of benefits where there have been repeated remands, a failure to follow remand instructions, the Commissioner's inability to carry its burden of proof, the existence of extraordinary delay, or a combination of these factors. *Goodrich*, 2012 WL 750291, at *13; *Moran v. Comm'r of Soc. Sec.* No. 6:15-cv-1065-Orl-37TBS (M.D. Fla. Feb. 22, 2016) (Doc. No. 22) (nine years, three administrative hearings, and a new motion for entry of remand on appeal).   In fact, any one of these equitable considerations, *by itself*, can provide a sufficient basis for a remand for benefits.   *Id.* (citing *Wilder v. Apfel*, 153 F.3d 799 (7th Cir. 1988), *Ray v. Astrue*, No. 8:08-cv-335-DAB, 2009 WL 799448 (M.D. Fla. Mar. 24, 2009) (fifteen year delay due to deficiencies in the record created by Commissioner), *Schonewolf v. Callahan*, 972 F. Supp. 277 (D.N.J. 1997); *Rohan v. Barnhart*, 306 F. Supp. 2d 756 (N.D. Ill. 2004) (eleven years, three administrative hearings, and three appeals where delays not attributable to plaintiff's error)).

## III.    ANALYSIS.

Over eleven years have passed since Claimant initially sought disability benefits.   In that time, Claimant has attended three administrative hearings, appealed this matter three times, and this Court has remanded this case for further proceedings twice when the ALJs' decisions were not supported by substantial evidence and where the ALJs failed to properly develop the record. Now, Claimant faces the specter of a third remand and a fourth decision because the ALJ failed to incorporate the record of Claimant's subsequent claim as directed by the Appeals Council, even though the ALJ noted in his decision that this was one of his charges.   R. 1832.

"Social Security disability benefits are intended to be a lifeline for those unable to engage in gainful employment."   *Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990, 2016 U.S. Dist. LEXIS 92187, at *4 (M.D. Fla. Jul. 15, 2016).   Given the arduous and exacting nature of the application process, "the needs of the applicant go unmet for long stretches of time as the claim

winds its way through the administrative and legal process." *Id.* While this is to be expected, at some point, when the process continuously fails to produce a proper decision through no fault of the claimant, the process itself works an injustice upon that claimant who is admittedly already in a vulnerable position. In turn, that injustice, in and of itself, can necessitate a cessation of the administrative process and an award of benefits to the claimant. In *Moran*, the court observed:

> Plaintiff has now had three administrative hearings and each time the ALJ has committed reversible error. These mistakes were compounded by the Appeals Council which twice reviewed the case without correcting the ALJ's errors. The case is now on appeal to this Court for the third time. The last two times the Court, after considering the merits of Plaintiff's challenge to the Commissioner's denial of benefits, reversed and remanded with specific instructions. Each time, the Commissioner failed to follow the court's remand instructions. . . . The delays which have resulted from the Commissioner's mistakes have kept this case in the pipeline for almost ten years during which time Plaintiff has not received a fair hearing, or benefits. To send the case back to the Commissioner for a fourth time will only further delay Plaintiff's application. The Commissioner is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard. Fairness demands that the review process end at some point.

*Moran*, No. 6:15-cv-1065-Orl37TBS (Doc. No. 22 at 9-10) (internal citations and quotation marks omitted); *Kelly v. Acting Comm'r of the SSA*, No. 6:16-cv-1149-Orl-40MCR, 2017 U.S. Dist. LEXIS 94735, at *7-9 (M.D. Fla. May 4, 2017). Similarly, in *Rainey v. Commissioner of Social Security*, No. 5:17-cv-541-Oc-PRL, 2018 WL 3830069, at *3 (M.D. Fla. Aug. 13, 2018), where more than ten years had elapsed, where there were multiple remands, and where claimant was facing yet another remand, the court observed that if it remanded "for further administrative proceedings, Plaintiff will be faced with an even longer delay, without any assurance that the Commissioner will finally produce a decision supported by substantial evidence and which applies the correct legal standards."

This matter has finally reached a point where the Commissioner's failure to produce a decision supported by substantial evidence, a properly developed record, and application of the correct legal standard, has caused Claimant to suffer an injustice.  Having failed to get it right after this matter was reversed and remanded for further proceedings, the ALJ has failed to get it right again necessitating yet another remand before this Court can conduct what will inevitably be another review of the ALJ's decision.   More than eleven years have elapsed.   To permit another remand at this point to consolidate the Claimant's claims, when the Appeals Council had previously directed the ALJ to do so before his most recent decision, further compounds the injustice Claimant has suffered to date by being denied a proper decision on the merits for eleven years.   Claimant should not be required to wait any longer for this matter to be resolved; eleven plus years of proceedings without a proper decision is simply unjust, and it is enough.  *See Walden*, 672 F.2d at 840; *Goodrich* 2012 WL 750291; *Moran*, No. 6:15-cv-1065-Orl-37TBS; *Kelly*, 2017 U.S. Dist. LEXIS 94735; *Rainey*, 2018 WL 3830069.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 17) be **GRANTED in part** and **DENIED in part** as follows:

1.     That this matter be reversed pursuant to sentence four of Section 405(g);

2.     That this matter be remanded to the Commissioner for the calculation and payment of past-due benefits to Plaintiff from June 30, 2005, in accordance with the Social Security Act; and

3.     The Clerk of Court be directed to enter judgment in favor of Claimant and close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

     **RECOMMENDED** in Orlando, Florida, on February 20, 2019.

                         GREGORY J. KELLY
               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 8 -